UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH J. LAFAYETTE, II,

    Plaintiff,

v.                                                    Case No.:   8:24-cv-1383-JLB-TGW

OWENS, et. al.,

    Defendants.
_____/

## ORDER

Plaintiff Kenneth J. Lafayette II, appearing *pro se*, seeks to challenge decisions made by Florida Circuit Judge Hill in Plaintiff's Polk County Family Court case. (Doc. 11 at 5). Plaintiff filed his amended Complaint on August 16, 2024 asking this Court to award an "immediate injunction" against Judge Hill and other Defendants. (*See id.*). Plaintiff did not specify in his amended Complaint whether he seeks a temporary restraining order, a preliminary injunction, or injunctive relief issued at the time of judgment.[1] Liberally construed, this Court recognizes that Plaintiff may be seeking a temporary restraining order or a preliminary injunction. The Court finds that Plaintiff's purported request fails to comply with Federal Rule of Civil Procedure 65 and the Local Rules for the Middle District of Florida.

---

[1] Noteworthy, Plaintiff previously filed a motion for temporary injunction (Doc. 5), which the Court denied (Doc. 6).

Under Federal Rule of Civil Procedure 65(b), Plaintiff must show the following for the Court to issue a temporary restraining order:

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Additionally, Middle District of Florida's Local Rules 6.01 and 6.02 state that Plaintiff must include a precise and verified description of the conduct and persons subject to restraint, any explanation of amount or form of security, a supporting legal memorandum, and a proposed order. *See* M.D. Fla. R. 6.01, 6.02. Simply put, Plaintiff does not establish the requirements of a temporary restraining order or preliminary injunction as is required by the Local Rules or Federal Rule of Civil Procedure 65. *See* M.D. Fla. R. 6.01, 6.02; Fed. R. Civ. P. 65(b).

The Court cautions Plaintiff that his claims may be more appropriately addressed by filing an appropriate motion in his Polk County Family Court case and/or in the Florida appellate court charged with reviewing such claims for Polk County state trial court judges, Florida's Sixth District Court of Appeal. *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (holding that federal district courts cannot review state court final judgments because that task is reserved for state

appellate courts). As a general matter, state judges have judicial immunity from suit. Nothing in the allegations suggests that Judge Hill has operated outside of his role as a state circuit judge. *See McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (A judge enjoys "absolute immunity from suit for judicial acts performed within the jurisdiction of his court.")). And Florida law gives Florida state courts *exclusive jurisdiction* over family law matters. *See* Fla. Stat. §§ 26.012(2)(a), 34.01. Accordingly, the Court strongly encourages Plaintiff to pursue his claims by filing an appropriate motion *in his state court case*.

**ORDERED** in Tampa, Florida on September 10, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE